IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DONALD A. HENSEL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:12-cv-01298 |
| v. | ) | JUDGE CAMPBELL |
| | ) | |
| CITY OF MT. JULIET, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

Pending before the Court is a letter for review by Plaintiff Donald A. Hensel (Doc. No. 55), to which the Defendants jointly have responded in opposition (Doc. No. 56).

**I.  Background**

Plaintiff filed this action in 2012. (Doc. No. 1). At that time, Plaintiff was represented by attorneys David J. Weissman and Benjamin K. Raybin. (*Id*. at 21). On August 27, 2013, Plaintiff's attorneys filed a motion to withdraw. (Doc. No. 28). The Court granted the motion to withdraw by Order entered on August 27, 2013, and ordered Plaintiff to inform the Court within thirty days whether he had obtained new counsel or would proceed pro se. (Doc. No. 29). The Order was returned as "unable to forward – not deliverable as addressed – return to sender – not here." (Doc. No. 25).

On October 16, 2013, the Magistrate Judge ordered Plaintiff to update his address with the Clerk's Office within twenty days and warned Plaintiff that failure to update his address would lead to a recommendation of dismissal without prejudice. (Doc. No. 39). After Plaintiff failed to respond, the Magistrate Judge entered a Report and Recommendation recommending that Plaintiff's action be dismissed without prejudice. (Doc. No. 44). On December 4, 2013, the Court

1

adopted and approved the Report and Recommendation, and this action was dismissed without prejudice. (Doc. No. 49).

No further action was taken in this case until Plaintiff filed a letter with the Court on July 18, 2018 (Doc. No. 55), followed shortly thereafter by another letter on August 1, 2018 (Doc. No. 57).

**II.     Analysis**

Plaintiff mailed a letter to the Court on July 16, 2018, in which he states that his attorneys dismissed this action without his consent and asks the Court to reopen his case. (Doc. No. 55).

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009).

A party seeking relief under any subsection of Rule 60(b) must show that he or she filed his or her motion "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "A reasonable time depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay." *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (citations omitted).

Plaintiff's request to reopen his case and reconsider the Court's decision to dismiss his case was filed approximately five years after the entry of judgment. The Court finds that Plaintiff's request was made more than a year after the judgment and not within a reasonable time. Plaintiff provides no basis for his delay.

Even if Plaintiff's motion had been timely filed, he fails to seek relief on grounds permitted by Rule 60(b). He states that the Court should reopen his case because he did not give his attorneys permission to dismiss his case and they did so "behind [his] back." (Doc. No. 55 at 1). However, the record belies Plaintiff's assertions. In support of their motion to withdraw, Plaintiff's attorneys filed their letter to Plaintiff and his father in which they gave Plaintiff notice of counsels' intent to withdraw from the case and suggested Plaintiff seek other representation immediately. (Doc. No. 28, Attach. 1).

Plaintiff's case was not dismissed because his attorneys withdrew. His case was dismissed because he failed to respond to the Court's Orders. He did not prosecute and participate in his own case and, for unknown reasons, he did not seek any recourse until nearly five years after his case was dismissed. Under these circumstances, the Court finds that Plaintiff has not demonstrated that he is entitled to relief under Rule 60(b). This case should not be reopened. Rule 60(b) is not

intended to allow relief from judgment merely because a petitioner is unhappy with the outcome.

*Jinks v. Allied Signal, Inc.,* 250 F.3d 381, 385 (6th Cir. 2001).

**III.  Conclusion**

Plaintiff's letter, which the Court construes as a motion to reopen and a motion for relief from judgment (Doc. No. 55), therefore is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE